*382 OPINION.
MoeRis :
The mine equipment and the additions to the plant which were purchased in either year, are in our opinion capital expenditures, and as such should be depreciated over their useful life. The rock power drill was a permanent addition to the mining equipment, and the same is true of the mine fans installed in Mines Nos. 2 and 3 in the year 1920. The two pumps purchased in 1920 became a part of the regular mining equipment. One of the witnesses testified that the petitioner kept a number of pumps on hand at all times as water *383 was constantly accumulating in the mine, which required the use of pumps. The mere fact that these two- particular pumps were purchased to meet an emergency situation does not justify the charging off of the expenditures as ordinary and necessary business expenses. The electric locomotive which was purchased in 1920 is still in use, clearly indicating that it was a capital addition. See Appeal of Union Collieries Co., 3 B. T. A. 540; Appeal of Kirk Coal Co. 3 B. T. A. 755.
The cost of steel rails was held to be an ordinary and necessary expense in the Appeal of Bruin Coal Co., 1 B. T. A. 83, but since that case was promulgated, the Appeals of Union Collieries, supra, and Kirk Coal Co., supra, have expressly disallowed the cost of steel rails as a business expense, holding that such expenditures were capital items and expressly overruling the Appeal of Bruin Coal, Co., supra, in this respect.
Although, due to the destruction of certain books by fire, a detailed statement of the items charged to “Boarding House Fixtures” and “Hotel Fixtures” was not available, the testimony shows that such items as cheap rugs, mattresses, dishes, window shades and electric light bulbs comprised the list, and that the cost of such articles was uniformly charged to expense by the petitioner. We are satisfied that the petitioner is entitled to the deduction of $609.15 and $513.51 as claimed.
The remaining question relates to the contribution to the Methodist Church. If this contribution had a reasonable relation to petitioner’s business, it is allowable as a business expense, Appeal of Thomas Shoe Co., 1 B. T. A. 124. That it had such a relation can not be doubted in view of the particular facts under which the contribution was made. In our opinion the contribution may well be considered as an ordinary and necessary business expense. See Appeal of Poinsett Mills, 1 B. T. A. 6; Appeal of Holt-Granite Mills Co., 1 B. T. A. 1246; Elm City Cotton Mills v. Commissioner, 5 B. T. A. 309; Hibbard, Spencer, Bartlett & Co. v. Commissioner, 5 B. T. A. 464.
Judgment will be entered on 15 days’ notice, under Bule 50,